HILLIARD EDMOND, PLAINTIFF-RESPONDENT, v.
MARY WATERS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 25, 1977—Decided February 14, 1977.

580

Before Judges LYNCH, MILMED and ANTELL.

*Mr. Sam Farrington* argued the cause for appellant (Newark Legal Services, attorney; *Mr. Harris David, Sam Farrington and Joan Vermeulen* on the brief).

No appearance on behalf of respondent.

PER CURIAM. Defendant tenant appeals from a judgment for possession entered in the Essex County District Court as to certain residential premises. The complaint as originally filed alleged nonpayment of rent for the month of April 1975. At the first return date, June 20, 1975, the complaint was amended to include arrearages for May and June. At this hearing defendant informed the court of certain defenses she wished to interpose relating to the habitability of the premises under *Marini v. Ireland,* 56 *N. J.* 130 (1970). The hearing date was thereupon adjourned and defendant, pursuant to the order of the court, paid directly to the landlord rent for the months of April and May 1975. The purpose of the adjournment was to facilitate the making of repairs to the apartment.

On July 19, 1975, the adjourned return date, defendant informed the court that the repairs had not been made and that she intended to proceed with her defenses under *Marini v. Ireland, supra.* The court then ordered that as a condition to doing so she would be required to deposit with the clerk of the court rent for the months of June and July,

together with costs in the amount of $7.80. Defendant agreed to deposit the rent monies, but refused to deposit the costs. Because of this refusal the trial judge entered a judgment for possession. Rent for the months of June and July were later deposited by defendant to obtain a stay pending appeal and these monies remain on deposit with the clerk of the court.

The only authority for requiring the deposit of rent is found in *Marini v. Ireland, supra* at 147, where the court suggested that "if the trial of the matter is delayed the defendant may be required to deposit the full amount of unpaid rent in order to protect the landlord if he prevails." Although the trial was initially delayed, the trial judge did not call upon the defendant to deposit the unpaid rent; rather, he required that the unpaid rent be paid directly to the landlord. This amounted to giving the landlord "a remedy not sought and not available" in a summary dispossess action. *Sprock v. James,* 115 *N. J. Super.* 111, 113 (App. Div. 1971). On the adjourned hearing date, the trial was imminent; no further delay was even contemplated. Under those circumstances, requiring the deposit of the unpaid rent on this date was error.

Requiring the defendant to deposit costs with the clerk of the court also constituted error. *R.* 1:13–2(a).

Defendant is entitled to a plenary hearing on the issue of habitability, followed by specific findings of fact. *R.* 1:7–4. *Iuso v. Capehart,* 140 *N. J. Super.* 209 (App. Div. 1976).

Reversed.